**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL GALVEZ, | No. 08-17778 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01562-JAM-EFB |
| v. | |
| CARDINAL HEALTH 101, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted April 15, 2010
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and COLLINS, District Judge.[**]

Paul Galvez appeals the district court's grant of summary judgment in favor

of Cardinal Health 110, Inc. ("Cardinal") on his claims brought under California's

Fair Employment and Housing Act ("FEHA").  *See* Cal. Gov't Code § 12940(a),

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

(m), (n). Galvez claims that Cardinal discriminated against him on the basis of his disability, denied him reasonable accommodation, and failed to engage in an interactive process. We review a grant of summary judgment de novo. *Johnson v. Buckley*, 356 F.3d 1067, 1071 (9th Cir. 2004).

The district court did not err in granting summary judgment on Galvez' claims of disability discrimination and failure to provide reasonable accommodation because Galvez is not a "qualified" individual under FEHA. *See Scotch v. Art Institute of California-Orange County, Inc.*, 93 Cal. Rptr. 3d 338, 353, 358 (Cal. Ct. App. 2009). Cardinal's warehouse did not have a permanent position that involved working only in one area. Cardinal was not required to accommodate Galvez' disability by creating a new position allowing him to work exclusively in a single area of the warehouse. *See Watkins v. Ameripride Servs.*, 375 F.3d 821, 828 (9th Cir. 2004); *Raine v. City of Burbank*, 37 Cal. Rptr. 3d 899, 905 (Cal. Ct. App. 2006).

The district court also did not err in granting summary judgment on Galvez' claim that Cardinal did not engage in an interactive process. *See* Cal. Gov't Code § 12940(n). Cardinal allowed Galvez multiple periods of medical leave and allowed him to work in the cage and vault area to the extent possible. Only when Galvez effectively demanded a permanent assignment to a single area did Cardinal

2

cease offering accommodation. There is no basis for finding a violation of the duty to engage in an interactive process under California law. *See Scotch*, 93 Cal. Rptr. 3d at 360-61.

Because Galvez has not shown that Cardinal violated FEHA, the district court also correctly granted summary judgment on his claim of wrongful termination in violation of public policy. *See Reno v. Baird*, 18 Cal. 4th 640, 663-64 (1998).

**AFFIRMED**.